UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Christian Ferdinand,

                           Petitioner,           **MEMORANDUM & ORDER**
                                                               22-CV-05645 (DG) (JAM)

   -against-

Superintendent Joseph Corey,

                           Respondent.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Petitioner Christian Ferdinand, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction in New York Supreme Court, Kings County of murder in the second degree and tampering with physical evidence. *See* Petition, ECF No. 1; *see also* Reply in Support of Habeas Corpus Petition, ECF No. 8. Respondent opposed the Petition. *See* ECF No. 6.[1]

      On May 7, 2024, the undersigned referred the Petition to Magistrate Judge Joseph A. Marutollo for a report and recommendation. *See* May 7, 2024 Order.

      On July 2, 2024, Judge Marutollo issued a Report and Recommendation (the "R&R") recommending that the Court deny the Petition. *See generally* R&R, ECF No. 9 (setting forth the factual and procedural background, the parties' arguments, and the applicable law and addressing each of the three grounds raised by Petitioner in the Petition).[2]

---

[1] Familiarity with the procedural history and background of this action is assumed herein.

[2] Judge Marutollo also stated that "[a]s Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability should be issued" and recommended that "for purposes of an appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying [the Petition] would not be taken in good faith." *See* R&R at 51.

After receiving deadline extensions, *see* Orders of July 19, 2024 and September 20, 2024, Petitioner filed objections to the R&R, *see* ECF No. 15 (dated December 15, 2024 and received by the Court on December 26, 2024). In his objections filing, Petitioner states that he objects to the R&R and then proceeds to, *inter alia*, reference various portions of the Background section of the R&R, taking issue with certain factual recitations set forth therein. *See generally* ECF No. 15.[3]

Respondent did not file any objections to the R&R or respond to Petitioner's objections. *See generally* docket.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see*

---

[3] In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's filings in this action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Petitioner's objections to the R&R, and out of an abundance of caution, the Court reviews *de novo* the entirety of the R&R.  A review of the R&R, the record, and the applicable law reveals that Judge Marutollo properly concluded that the Petition, ECF No. 1, should be denied; that no certificate of appealability should be issued; and that the Court should certify pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the Petition would not be taken in good faith.  The Court adopts the thorough and well-reasoned R&R.[4]

* * *

The Petition, ECF No. 1, is DENIED.

The Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2). Petitioner, however, has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit.  *See* 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] The Court notes that the R&R contains two typographical errors that are not material to the R&R's conclusions and recommendations – namely a reference on page six to May 12, 2013 rather than May 13, 2013 and a reference on page fifty to "Loring Job Corps" rather than "Caribou Courthouse."  *See* R&R at 6, 50.  The R&R makes clear that the interview at issue took place on May 13, 2013 at the Caribou Courthouse.  *See* R&R at 5-16, 49-51.

3

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Petitioner.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: January 13, 2025
       Brooklyn, New York